UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTONIO JACKSON, #563245,

       Petitioner,                              Case No. 17-cv-11540
                                                   Hon. Matthew F. Leitman

v.

CONNIE HORTON,

       Respondent.
_____/

## ORDER GRANTING PETITIONER'S MOTION TO HOLD HIS HABEAS PETITION IN ABEYANCE (ECF #13), STAYING PROCEEDINGS, AND ADMINISTRATIVELY CLOSING CASE

Petitioner Antonio Jackson is a state prisoner in the custody of the Michigan Department of Corrections. On May 12, 2017, Jackson filed a *pro se* petition for a writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2254. (*See* ECF #1.) Jackson has now filed a motion to hold his petition in abeyance. (*See* Mot. ECF #13.) Jackson explains that he has appealed his re-sentencing to the Michigan Supreme Court, and he says that he may want to add that issue to his current federal habeas petition upon the exhaustion of his state remedies. (*See id.*)

A state prisoner who seeks federal habeas relief must first exhaust his or her available state court remedies before raising a claim in federal court. *See* 28 U.S.C. § 2254(b) and (c). *See Picard v. Connor*, 404 U. S. 270, 275-78 (1971). To avoid problems with the one-year statute of limitations contained in 28 U.S.C. §

2244(d)(1), a federal court may opt to stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings. *See Rhines v. Weber,* 544 U.S. 269, 278 (2005). After the petitioner exhausts his state remedies, the federal court may lift its stay and allow the petitioner to proceed in federal court. *Id.* at 275-76. The Court concludes that such a stay is warranted here.

    Accordingly, **IT IS HEREBY ORDERED** that Jackson's request to hold his habeas petition in abeyance while he pursues his appeal in the Michigan Supreme Court (ECF #13) is **GRANTED**. This stay is conditioned upon Jackson's return to this Court, with a motion to re-open and amend his petition, using the same caption and case number included at the top of this Order, within 60 days of fully exhausting his state court remedies. *See, e.g., Wagner v. Smith*, 581 F.3d 410, 411 (6th Cir. 2009) (discussing similar procedure). If Jackson decides not to pursue a re-sentencing claim in his federal habeas petition, he may move to re-open this case and proceed on the existing petition within 60 days of the filing date of this order. If Jackson fails to comply with any of the conditions described in this paragraph, the Court may dismiss his petition and/or rule only on his currently-exhausted claims. *See Calhoun v. Bergh*, 769 F.3d 409, 411 (6th Cir. 2014).

**IT IS FURTHER ORDERED** that the Clerk of the Court shall close this case for administrative purposes only. Nothing in this Order or the related docket entry shall be construed as an adjudication of any of Jackson's claims. *See Sitto v. Bock*, 207 F.Supp.2d 668, 677 (E.D. Mich. 2002).

s/Matthew F. Leitman  
MATTHEW F. LEITMAN  
UNITED STATES DISTRICT JUDGE

Dated: December 3, 2018

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 3, 2018, by electronic means and/or ordinary mail.

s/Holly A. Monda  
Case Manager  
(810) 341-9764