UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTONIO JACKSON, #563245,

    Petitioner,

v.

    Case No. 17-cv-11540
    Hon. Matthew F. Leitman

CONNIE HORTON,

    Respondent.
_____/

## ORDER DENYING WITHOUT PREJUDICE PETITIONER'S MOTION TO REOPEN

On May 12, 2017, Michigan prisoner Antonio Jackson ("Petitioner") filed a pro se petition for a writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2254. ECF No. 1. On November 20, 2017, Respondent filed an answer to the petition and the state court record. ECF Nos. 8, 9. On December 3, 2018, the Court held the habeas petition in abeyance and administratively closed the case on Petitioner's motion because he had a re-sentencing appeal pending in the Michigan Supreme Court and might want to add issues to his pending habeas petition. ECF No. 14. The matter is now before the Court on Petitioner's motion to reopen this case and proceed on his existing claims. Petitioner asserts that the state court proceedings have concluded and he does not want to add additional issues to his pending petition. ECF No. 16.

Having reviewed the matter, the Court concludes that Petitioner's request to reopen this case is premature. On May 20, 2022, the Michigan Supreme Court vacated

Petitioner's sentence and remanded the case to the Wayne County Circuit Court for re-sentencing. *People v. Jackson*, _ Mich. _, 973 N.W.2d 617 (2022). The re-sentencing is currently scheduled for November 3, 2022. *See* Register of Actions, *People v. Jackson*, No. 11-012637-01-FC (Wayne Co. Cir. Ct.), cmspublic.3rdcc.org/CaseDetail.aspx?CaseID=1250275. Until Petitioner's re-sentencing is conducted and his conviction becomes final, this habeas case is not ripe for review. *See, e.g, Burton v. Stewart*, 549 U.S. 147, 156-57 (2007) (ruling that when a state court affirms a conviction on direct review, but remands for re-sentencing, the judgment of conviction does not become final until the completion of direct review from the new judgment of sentence); *Rashad v. Lafler*, 675 F.3d 564, 567-78 (6th Cir. 2012) (discussing *Burton*). Accordingly, the Court denies without prejudice Petitioner's motion to reopen. Petitioner may move to reopen this case upon the completion of his re-sentencing proceedings by filing a new motion to reopen, along with a copy of the new judgment of sentence. Should Petitioner appeal the re-sentencing decision in the state courts, he may move to reopen this case upon completion of the appellate process. This case remains closed.

**IT IS SO ORDERED**.

/s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: August 25, 2022

2

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 25, 2022, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126
